

# IN THE COURT OF CRIMINAL APPEALS
# OF TEXAS

## NOS. WR-89,642-01 & WR-89,642-02

### EX PARTE JAMES COVARRUBIA, Applicant

### ON APPLICATIONS FOR WRITS OF HABEAS CORPUS
### CAUSE NOS. 10-09032-A & 10-09733-A IN THE 252ND DISTRICT COURT
### FROM JEFFERSON COUNTY

*Per curiam*.

## O P I N I O N

Pursuant to the provisions of Article 11.07 of the Texas Code of Criminal Procedure, the clerk of the trial court transmitted to this Court these applications for writs of habeas corpus. *Ex parte Young*, 418 S.W.2d 824, 826 (Tex. Crim. App. 1967). Applicant was convicted of aggravated assault and engaging in organized criminal activity and sentenced to twenty years' imprisonment on each cause. The Thirteenth Court of Appeals dismissed his appeals in these cause numbers. *Covarubbia v. State*, Nos. 13-11-00435-CR & 13-11-00436-CR (Tex. App.—Corpus Christi-Edinburg Aug. 24, 2011).

Applicant contends that his counsel rendered ineffective assistance because he failed to timely file notice of appeal.

The trial court has determined that counsel failed to timely file notice of appeal. We find that Applicant is entitled to the opportunity to file an out-of-time appeal of the judgment of conviction in Cause Nos. 10-09032 & 10-09733 from the 252nd District Court of Jefferson County. Applicant is ordered returned to that time at which he may give a written notice of appeal so that he may then, with the aid of counsel, obtain a meaningful appeal. Within ten days of the issuance of this opinion, the trial court shall determine whether Applicant is indigent. If Applicant is indigent and wishes to be represented by counsel, the trial court shall immediately appoint an attorney to represent Applicant on direct appeal. All time limits shall be calculated as if the sentence had been imposed on the date on which the mandate of this Court issues. We hold that, should Applicant desire to prosecute an appeal, he must take affirmative steps to file a written notice of appeal in the trial court within 30 days after the mandate of this Court issues. Applicant's remaining claims are dismissed. *Ex Parte Torres*, 943 S.W.2d 469 (Tex. Crim. App. 1997).

Copies of this opinion shall be sent to the Texas Department of Criminal Justice-Correctional Institutions Division and Pardons and Paroles Division.

Delivered: June 26, 2019
Do not publish